IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

MATHEW J. HART, )
on behalf of plaintiff and the class defined )
herein, )
                                              Plaintiff, )
)
                                              vs. )
)
FCI LENDER SERVICES, INC., )
)
                                              Defendant. )
)

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff Mathew J. Hart brings this action to secure redress from unlawful credit and collection practices engaged in by defendant FCI Lender Services, Inc.

2.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3.     The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

4.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

5.     Venue and personal jurisdiction in this District are proper because:

    (1)    Defendant's collection communications were received by plaintiff within this District;

    (2)    Defendant does or transacts business within this District.

**PARTIES**

6. Plaintiff Mathew J. Hart is an individual who resides in this District.

7. Defendant FCI Lender Services, Inc. is a corporation chartered under California law with principal offices at 8180 E. Kaiser Blvd., Anaheim Hills, CA 92808.

8. Defendant FCI Lender Services, Inc. states on its web site that "FCI is an approved Private Money, Freddie Mac (FHLMC), FHA, VA and HUD servicer that offers a full spectrum of loan servicing, collection and foreclosure services locally or nationally. FCI is also approved to receive existing HAMP loans for servicing. Institutional and Private Money Lenders, Private Money Brokers, and Private Money Loan Servicers of any size can handle all aspects of servicing their Standard Loans, Hard Money Loans, Auto Loans, Equipment Loans, Personal Loans, or Delinquent Loans by partnering with the experienced staff at FCI." (http://www.trustfci.com)

9. The same web site also states, "The Specialty Loan Servicing department is specifically designed to rapidly turn Delinquent Loans and Loan Pools into cash by facilitating the restructure of loans, or by foreclosing and selling the properties. It is staffed by experts at skip trace, collection, workouts, foreclosures, and property sales."

10. The same web site also states: "Working with non performing loans had always been a part of Private Money Servicing, and in the late 90's FCI created the industry's first Specialty Loan Servicing Division to serve clients who were buying non performing loans and loan pools. FCI's Specialty Loan Servicing division offered Private Investors and Investment Brokers sophisticated collection and workout programs for one loan or thousands of loans that included financial modeling never before offered in this industry."

11. FCI Lender Services, Inc., regularly collects loans which were in default ("non performing") when FCI first became involved with them.

12. FCI Lender Services, Inc., regularly uses the mails and telephone to collect consumer debts (mortgage loans) originally owed to others.

13. FCI Lender Services, Inc. is a debt collector as defined in the FDCPA.

**FACTS**

14. Defendant FCI Lender Services, Inc. has been attempting to collect from plaintiff an alleged debt consisting of a defaulted residential mortgage loan, used for personal, family or household purposes and not for business purposes.

15. On or about July 17, 2012, defendant sent plaintiff the letter attached as <u>Exhibit A</u>.

16. <u>Exhibit A</u> is a form letter.

17. <u>Exhibit A</u> was the first letter plaintiff received from defendant regarding the debt.

18. On information and belief, <u>Exhibit A</u> was the first letter defendant sent to plaintiff regarding the debt.

19. On information and belief, based on its contents, <u>Exhibit A</u> represents a form letter which defendant uses as the initial letter it sends to a consumer.

20. <u>Exhibit A</u> purports to include the matters required by 15 U.S.C. §1692g.

21. <u>Exhibit A</u> does not identify the current creditor or owner of the debt.

22. <u>Exhibit A</u> states that "THIS DEBT WILL BE ASSUMED TO BE VALID UNLESS YOU DISPUTE ITS VALIDITY WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE."

23. The quoted statement alters the statutory notice, which is "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

24. The alteration substantially changes the meaning of the notice, so that it now states that any dispute must be raised within 30 days or be forfeited, whereas the statute simply permits the debt collector (and perhaps its client) to proceed on the assumption that the debt is valid.

25. Only the debt collector and perhaps the creditor can assume that the debt is valid. Neither the initial letter nor other correspondence from the debt collector can state that the debt

will be assumed to be valid generally, or by a court. *Guerrero v. Absolute Collection Service, Inc.*, No. 1:11-cv-02427-JEC, 2011 U.S. Dist. LEXIS 155541, *10 (N.D. Ga. Oct. 6, 2011) ("ACS's failure to limit its statement that any undisputed debt would be assumed valid to the debt collector violates the notice requirements of §1692g(a)(3) by "making the least sophisticated consumer uncertain as to her rights."); *Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, No. 11-80894-CIV, 2011 U.S. Dist. LEXIS 109826, 2011 WL 4499100 (S.D. Fla. Sept. 27, 2011); *Galuska v. Collectors Training Institute of Illinois, Inc.*, No. 3:07-CV-2044, 2008 U.S. Dist. LEXIS 39508, 2008 WL 2050809 (M.D. Pa. May 13, 2008) (holding that failure to include "by the debt collector" or words such as "we" or "this office" in the required disclosure would lead least sophisticated debtor to believe the debt would be assumed valid by some other entity); *Rivers v. Am. Network, Inc.*, Civil Action No. 1:10-cv-2606, at [Doc. 12] (N.D. Ga. May 4, 2011), adopted by [Doc. 13]; *Harlan v. NRA Grp., LLC*, Civil Action No. 10-cv-0324, 2011 U.S. Dist. LEXIS 12751, 2011 WL 500024, at *3 (E.D. Pa. Feb. 9, 2011); *Smith v. Hecker*, No. Civ. A. 04-5820, 2005 U.S. Dist. LEXIS 6598, 2005 WL 894812, at *6 (E.D. Pa. Apr. 18, 2005) (Letter stated, "UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS OF RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSESSED VALID"; "[O]mission of 'by the debt collector' would lead a least sophisticated debtor to believe that unless she disputes the validity of the debt . . . her debt will be . . . determined to be valid by a court, credit reporting agency, or other entity of authority [or] imposed upon her using a valid procedure . . . ."); *Philip v. Sardo & Batista, P.C.*, No. 11-4773 (SRC), 2011 U.S. Dist. LEXIS 130267, 2011 WL 5513201 (D.N.J. Nov. 10, 2011); *Pierce v. Carrington Recovery Services, LLC*, No. 09-0787, 2009 U.S. Dist. LEXIS 72049 (W.D.Pa., Aug. 17, 2009).

    26.    The change made by defendant also omits the statement that part of the debt may be disputed. The right to dispute a part of the debt is material and the notice must disclose that right. *Harvey v. United Adjusters*, 509 F.Supp. 1218 (D.Ore. 1981); *Forsberg v. Fidelity*

*National Credit Services*, 03cv2193-DMS(AJB), 2004 U.S. Dist. LEXIS 7622, 2004 WL 3510771 (S.D.Cal., Feb. 26, 2004); *Bailey v. TRW Receivables Mgmt. Servs., Inc.*, Civ. No. 90-192, 1990 U.S. Dist. LEXIS 19638 (D.Haw. Aug. 16, 1990); *McCabe v. Crawford & Co.*, 210 F.R.D. 631 (N.D.Ill. 2002), later opinion, 272 F.Supp.2d 736 (N.D.Ill. 2003); *Beasley v. Sessoms & Rogers, P.A.*, No. 5:09-CV-43-D, 2010 U.S. Dist. LEXIS 52010, 2010 WL 1980083 (E.D.N.C., March 1, 2010).

## COUNT I – FDCPA

27. Plaintiff incorporates paragraphs 1-26.

28. Defendant violated 15 U.S.C. §1692g, by failing to identify the current creditor and by altering the notice to misstate the debtor's rights.

> i. Section 1692g provides:
>
> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–**
>
> > **(1) the amount of the debt;**
> >
> > **(2) the name of the creditor to whom the debt is owed;**
> >
> > **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
> >
> > **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
> >
> > **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**
>
> **(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any**

**portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [26 USCS §§ 1 et seq.], title V of Gramm-Leach-Bliley Act [15 USCS §§ 6801 et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

## CLASS ALLEGATIONS

29. Plaintiff brings this claim on behalf of a  class  pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2).

30. The class consists of (a) all individuals with New York addresses (b) to whom defendant sent a document in the form represented by Exhibit A on or after a date 1 year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

31. The class is so numerous that joinder of all members is not practicable.

32. On information and belief, there are at least 40 individuals with New York addresses to whom defendant sent a document in the form represented by Exhibit A on or after a date 1 year prior to the filing of this action, and on or before a date 20 days after the filing of this

6

action.

33.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether <u>Exhibit A</u> complies with 15 U.S.C. §1692g.

34.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

35.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and consumer credit litigation.

36.     A class action is superior for the fair and efficient adjudication of this matter, in that:

       (1)     Individual actions are not economically feasible.

       (2)     Members of the class are likely to be unaware of their rights.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

       (1)     Statutory damages;

       (2)     Attorney's fees, litigation expenses and costs of suit;

       (3)     Such other and further relief as the Court deems proper.


Respectfully Submitted,


s/Tiffany N. Hardy
Tiffany N. Hardy


Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Mark F. Viencek
LAW OFFICES OF MARK F. VIENCEK
290 Linden Oaks, First Floor
Rochester, New York 14625
(585) 419-8075
(866) 818-9500 (FAX)

Case 6:13-cv-06076-CJS-JWF   Document 1   Filed 02/13/13   Page 9 of 9

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Tiffany N. Hardy
Tiffany N. Hardy