UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW J. HART, on behalf of plaintiff
and the class defined herein,                                    DECISION AND ORDER

                           Plaintiff,                    13-CV-6076 CJS

      -v-

FCI LENDER SERVICES, INC.,

                           Defendant.
_____

APPEARANCES

For Plaintiff:               Mark F. Viencek, Esq.
                             290 Linden Oaks, 1st Floor
                             Rochester, New York 146254

                             Tiffany N. Hardy, Esq.
                             Edelman Combs Latturner & Goodwin, LLC
                             120 S. LaSalle Street, Suite 1800
                             Chicago, Illinois 60603

For Defendant:           Andrew J. Wells, Esq.
                             Phillips Lytle LLP
                             437 Madison Avenue, 34th Floor
                             New York, New York 10027

                             Preston Lee Zarlock, Esq.
                             William D. Christ, Esq.
                             Phillips Lytle LLP
                             3400 HSBC Center
                             Buffalo, New York 14203

INTRODUCTION

    This is an action alleging a violation of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq*.  Now before the Court is Defendant's motion (Docket

No. [#46]) to dismiss the Amended Complaint [#47] for failure to state a claim. The application is granted and this action is dismissed.

BACKGROUND

Unless otherwise noted, the following facts are taken from the Amended Complaint [#47], including attached exhibits. At all relevant times Plaintiff was the borrower in connection with a mortgage loan. Prior to June 27, 2012, Plaintiff's mortgage loan was serviced by GMAC Mortgage, LLC ("GMAC"). Effective June 28, 2012, the owner of the debt, whose identity is not set forth in the record, retained Defendant FCI Lender Services, Inc. ("FCI"), to service the mortgage loan. FCI regularly services mortgage loans, and is involved in the restructuring of loans and foreclosures. At the time FCI took over the servicing of the loan from GMAC, Plaintiff was behind in his payments.[1]

Pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(c), as the new servicer of Plaintiff's loan, FCI was required to send Plaintiff a notice, informing him that it was assuming responsibility for servicing the loan.[2] RESPA requires that such notices contain the following information:

(A) The effective date of transfer of the servicing described in such paragraph.

(B) The name, address, and toll-free or collect call telephone number of the transferee servicer.

---

[1] The Amended Complaint [#47], Exhibit B, is a statement dated December 28, 2012, which indicates that Plaintiff owed "past due payments" in the amount of $31,736.43. Moreover, on July 28, 2010, GMAC Mortgage sent Plaintiff a notice indicating that the mortgage loan was "116 days in default." Id., Ex. C.

[2] That section of RESPA states, in pertinent part, that "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer. " 12 U.S.C. § 2605(c)(1).

(C) A toll-free or collect call telephone number for (i) an individual employed by the transferor servicer, or (ii) the department of the transferor servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.

(D) The name and toll-free or collect call telephone number for (i) an individual employed by the transferee servicer, or (ii) the department of the transferee servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.

(E) The date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments.

(F) Any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance and what action, if any, the borrower must take to maintain coverage.

(G) A statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan.

12 U.S.C. § § 2605(b)(3) & (c)(3). On or about July 17, 2012, FCI sent Plaintiff a notice that contained all of the information referenced above in subsections (A),(B),(C),(D),(E) and (G).[3] *See*, Amended Complaint [#47], Ex. A.

---

[3] The notice did not contain information concerning insurance, referenced in subsection (F), presumably because the transfer of servicing had no effect on Plaintiff's insurance. See, 12 U.S.C. § 2605(b)(3)(F) ("Any information concerning the effect the transfer may have, *if any*, on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance and what action, if any, the borrower must take to maintain coverage.") (emphasis added).

More specifically, FCI sent Plaintiff a form letter,[4] entitled "Transfer of Servicing Letter" ("the notice" or "the RESPA letter"). Amended Complaint [#47], Ex. A. The notice begins, "Please be advised that effective June 28, 2012 the servicing of your mortgage loan with GMAC Mortgage, LLC, secured by a Deed of Trust/Mortgage on real property, has been assigned to FCI Lender Services, Inc." *Id*. The notice then indicates that such transfer of servicing does not "affect any term or condition of the mortgage instruments." *Id*. The notice also indicates where Plaintiff should send payments, and states, in pertinent part:

> Beginning June 28, 2012[5] you should mail your payments, including all past due payments, to FCI Loan Services, Inc. at the address indicated below[.]
> \*\*\*
> The last day that your present Servicer will accept payments from you is June 27, 2012. The date that FCI Lender Services, Inc. starts accepting payments from you is June 28, 2012. Send all payments due on or after that date to your new Servicer.

*Id*. The notice, though, does not set forth any dollar amounts, such as the total owed, the amount of each monthly payment, or any past due amount. Nor did the notice indicate that the loan was in default.

The notice also contains certain notifications pursuant to the FDCPA. In particular, page three of the notice contains the following language:

NOTICE

THIS IS AN ATTEMPT TO COLLECT UPON A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

---

[4] Plaintiff refers to the notice as a "form letter." See, Amended Complaint [#47] at ¶ 17 ("Exhibit A is a form letter.").

[5] The notice itself is dated July 17, 2012, which is after that date.

> YOU HAVE THE FOLLOWING RIGHTS
>
> THIS DEBT WILL BE ASSUMED TO BE VALID UNLESS YOU DISPUTE ITS VALIDITY WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE.
>
> IF YOU NOTIFY THIS OFFICE IN WRITING THAT THE DEBT IS DISPUTED WITHIN 30 DAYS, THIS OFFICE WILL MAIL TO YOU VERIFICATION OF THE DEBT OR A COPY OF THE JUDGMENT AGAINST YOU.
>
> THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR (IF DIFFERENT FROM THE CURRENT CREDITOR) UPON YOUR WRITTEN REQUEST WITHIN 30 DAYS.
>
> IT IS IMPORTANT THAT YOU UNDERSTAND THAT YOU HAVE THE RIGHT TO ENFORCE THE ABOVE NOTICE.

Amended Complaint [#47], Ex. A. The notice specifically references the FDCPA, and it is obvious that the foregoing quoted language tracks the language of 15 U.S.C. § 1692g, though not exactly. For example, the notice indicates that unless the Plaintiff disputes the debt's validity, the "debt will be assumed to be valid," while the actual statutory language indicates that unless the debtor disputes the debt's validity, "the debt will be assumed to be valid *by the debt collector*." (emphasis added). The notice also fails to state "the amount of the debt" and "the name of the creditor to whom the debt is owed," contrary to 15 U.S.C. § 1692g(a)(1)&(2).

Subsequent to sending the foregoing notice, Defendant sent "payment statements" to Plaintiff. *See*, Amended Complaint [#47], Ex. B. For example, Defendant sent Plaintiff the "payment statement" attached to the pleading as Exhibit B, dated "December 28, 2012," that contains information such as the principal balance of the loan, the interest rate, the payment amount, past due amounts, and late charges. The statement indicates that

the "total amount due" is "$33,332.73." Such billing statement did not include any FDCPA notices.

On February 13, 2013, Plaintiff commenced this action as a proposed class action.[6] The initial Complaint [#1] alleged that Defendant violated the FDCPA, because the notices in the RESPA transfer-of-serving letter did not comply with 15 U.S.C. § 1692g. The claim was based solely on Plaintiff's receipt of the transfer-of-servicing letter, and did not allege that Plaintiff had received any further correspondence or billing statements from Defendant.

On May 16, 2013, Defendant filed a motion [#26] for judgment on the pleadings, on the grounds that no FDCPA violation was pleaded, since the complaint did not plead that Defendant was a debt collector[7] and the RESPA letter was not a debt collection communication. In support of the motion, Defendant cited, *inter alia*, *Thompson v. BAC Home Loan Servicing LP*, No. 2:09-CV-311-TS, 2010 WL 1286747 (N.D.Ind. Mar. 26, 2010) ("*Thompson*"), in which, on almost identical facts,[8] the same law firm that is representing Plaintiff in this action had unsuccessfully argued that a similar RESPA transfer-of-servicing letter was an attempt to collect a debt.

---

[6]Plaintiff filed a motion for class certification, which has been held in abeyance pending the outcome of Defendant's motion to dismiss.

[7]With regard to whether Defendant was a "debt collector" within the meaning of the FDCPA, Defendant argued that "Congress did not intend . . . for the FDCPA's definition of a debt collector to include mortgage servicing companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing." Def. Memo of Law [#26-3] at p. 11 (citations omitted). The Complaint [#1] did not mention whether the mortgage loan was in default when Defendant sent the RESPA letter.

[8]The facts of *Thompson* are very similar, including the fact that the loan was already in default when the RESPA servicing notice was sent. *Id.*, 2010 WL 1286747 at * 4. One slight difference between *Thompson* and this action, upon which Plaintiff is attempting to capitalize, is that the RESPA notice in this action contained the words "including all past due payments." However, as discussed below, the Court does not find that distinction to be significant.

In response to Defendant's motion, Plaintiff moved [#27] for leave to file an amended complaint. In that regard, Plaintiff explained that he wanted to amend the pleading to allege both that Defendant was a debt collector and that Defendant had made a subsequent demand for payment, after the RESPA letter. *See*, Pl. Motion to Amend [#27]. Along with the motion, Plaintiff filed a proposed First Amended Complaint, which, in pertinent part, added allegations that Defendant regularly collected debts, that the subject mortgage loan was in default when it was transferred to Defendant for servicing, that Defendant sent Plaintiff the billing statement, dated December 28, 2012, for amounts owed on the loan, including past due amounts, and that prior to January 5, 2013, the only document that Plaintiff received from Defendant which could have been a validation notice required by the FDCPA, 15 U.S.C. § 1692g, was the RESPA letter, which does not comply with § 1692g.[9] The proposed pleading attaches, as Exhibit B, the December 28, 2012, billing statement showing a total amount due of $33,332.73. That exhibit, however, is marked "redacted," and does not specifically identify what information was redacted. However, it appears that the only information redacted may have been Plaintiff's address. *See*, Proposed First Amended Complaint, Ex. B. The Amended Complaint does not allege when Exhibit B was sent by Plaintiff, or when it was received by Plaintiff. Nor does the pleading specifically allege that Defendant failed to send Plaintiff the notice required by 15 U.S.C. § 1692g within five days of sending him Exhibit B.

---

[9]See, Proposed First Amended Complaint at ¶¶ 30-36, explaining why the FDCPA notice contained in the RESPA letter fails to comply with 15 U.S.C. § 1692g. Plaintiff alleges, for example, that the RESPA letter does not identify the current owner of the debt or the current balance of the loan, and misstates a provision intended to give the debtor 30 days in which to challenge the validity of the loan.

On June 12, 2013, the Honorable Jonathan W. Feldman, United States Magistrate Judge issued a Scheduling Order [#32] in this action. The Scheduling Order stated, in pertinent part, that "All motions to join other parties and to amend the pleadings shall be filed on or before September 12, 2013." The Scheduling Order further stated: "No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge." (emphasis in original).

Subsequently, Plaintiff and Defendant agreed to resolve the then-pending motions. Specifically, the parties agreed that Defendant would withdraw its motion for judgment on the pleadings and allow Plaintiff to file the First Amended Complaint, and that Defendant would then file another dispositive motion against the First Amended Complaint. On August 22, 2013, the Court approved the parties' agreement and set a briefing schedule for Defendant's forthcoming dispositive motion. *See*, Order [#42].

On August 30, 2013, Defendant filed the subject motion to dismiss [#46] the First Amended Complaint for failure to state a claim. In this application, Defendant does not argue, as it previously did, that it is not a debt collector within the meaning of the FDCPA. However, Defendant reiterates that the RESPA transfer-of-servicing letter, First Amended Complaint, Exhibit A, is not a communication in connection with the collection of any debt, and is therefore not subject to the FDCPA. *See*, Def. Memo of Law [#46-3]. Defendant maintains that the revisions in the First Amended Complaint do not correct that fatal defect.

In response to Defendant's motion to dismiss, Plaintiff did not, as he had previously done, seek further leave to amend his pleading. Nor did he request any extension of Magistrate Judge Feldman's deadline for filing amended pleadings. Instead, on

September 6, 2013, Plaintiff filed his response [#48] to the motion. Plaintiff characterizes his claim as being that Defendant "violated the FDCPA by sending multiple communications which expressly demanded payment, none of which contained the disclosures required by § 1692g," and that the RESPA transfer-of-servicing letter was Defendant's "only attempt to comply with § 1692g," which it did not do. Pl. Memo of Law [#48] at pp. 3-4. Plaintiff contends that the RESPA transfer-of-servicing letter was "a communication in connection with the collection of a debt," because it referred to "all past due payments." *Id*. at p. 6. Plaintiff further maintains that the December 28, 2012, billing statement was also a communication to collect a debt, and that Defendant never gave a proper notice under § 1692g, since the RESPA letter did not contain a sufficient notice and no other notice was sent. As already mentioned, though, the actual factual assertions in the First Amended Complaint are more narrow.[10]

On December 5, 2013, counsel for the parties appeared before the Court for oral argument. During oral argument, the Court discussed with counsel whether the First Amended Complaint would state a claim under the FDCPA if the Court found that the initial communication from Defendant, the RESPA transfer-of-service letter, was not a communication "in connection with the collection of any debt." Plaintiff's counsel essentially indicated that Plaintiff's claim was not restricted to the initial communication,

---

[10]In his memo of law, Plaintiff states: "Even on [Defendant's] incorrect theory that [the RESPA letter] does not count [as an attempt to collect a debt], [Defendant] had to furnish the disclosures mandated by § 1692g in some form 'within five days after' the initial correspondence demanding payment. Whether that initial correspondence is [the RESPA transfer-of-servicing letter] or [the December 28, 2012 billing statement], [Defendant] did not comply." Docket No. [#48] at p. 10. However, the First Amended Complaint is limited to what it actually says, and Plaintiff cannot re-shape the pleading in a memorandum of law to avoid dismissal on a 12(b)(6) motion. Nor can counsel's comments during oral argument re-shape the pleading. In that regard, during oral argument, Plaintiff's counsel stated, ""[N]owhere after exhibit B has there been compliance with [ § ] 1692g." Revised Transcript [#55] at p. 14. However, that is not what the pleading says.

9

and more broadly, that his claim was that Defendant had failed to comply with 15 U.S.C. § 1692g in connection with the overall collection effort. However, when the Court pressed Plaintiff's counsel as to whether the First Amended Complaint adequately pleaded a stand-alone claim with regard to the December 28, 2012, billing statement (First Amended Complaint, Exhibit B), she indicated that Plaintiff would want to file a Second Amended Complaint. The Court believes that Plaintiff's counsel was correct in that regard, since as already suggested above, the Court does not believe that the First Amended Complaint presently pleads sufficient facts to establish a FDCPA claim as to the December 28, 2012, billing statement. However, at that point in the oral argument, the discussion turned to whether Plaintiff should be allowed to file a further amended pleading, given that Magistrate Judge Feldman's deadline for filing amended pleadings had already passed, and Plaintiff had not requested any extension. In response to the Court's questioning on that point, Plaintiff's counsel did not identify any good cause for extending that deadline.

## DISCUSSION

Defendant has moved to dismiss the complaint for failure to state a claim, and the standard for such motions is well settled:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

> First, although a court must accept as true all of the allegations contained in a complaint,[11] that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009) (citation omitted).

---

[11]The Court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

### The RESPA letter is not covered by the FDCPA

Plaintiff maintains that Defendant violated the FDCPA, 15 U.S.C. § 1692g, by sending a notice, the RESPA transfer-of-servicing letter, that did not comply with the statute. That statute provides, in pertinent part:

a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C.A. § 1692g(a) (West 2013). On this point, the Amended Complaint states, in pertinent part:

Exhibit A is the document which defendant uses for the purpose of attempting to comply with 15 U.S.C. § 1692g, prior to sending borrowers other correspondence demanding payment.

> Nothing other than Exhibit A purporting to contain the matters required by 15 U.S.C. § 1692g was sent to plaintiff prior to January 5, 2013.
>
> Defendant did not send any other documents purporting to include the matters rquired by 15 U.S.C. § 1692g to plaintiff within five days after Exhibit A.

Amended Complaint ¶ ¶ 24-25. The Amended Complaint further alleges that the RESPA letter did not comply with § 1692g. *Id*. at ¶ ¶ 30-36.

However, the Court agrees with Defendant that the transfer-of-servicing letter was not a communication with a consumer in connection with the collection of any debt, and, therefore, was not subject to 15 U.S.C. § 1692g. Significantly, the RESPA letter did not attempt to *induce* Plaintiff to make payment, but rather, it assumes that he will be making payments and directs *where* he should send them. The notice is informational in nature, and does not reference an amount owed or threaten to take any action if payment is not made. In making this determination, the Court adopts the reasoning of *Thompson*, 2010 WL 1286747 at *2-5, *Shelley v. Ocwen Loan Servicing, LLC*, No. 1:13-cv-506-RLY-DKL, 2013 WL 4584649 at *3-7 (S.D.Ind. Aug. 28, 2013) ("*Shelley*") and *Kelly v. Nationstar Mortgage, LLC*, Civil Action No. 3:13-cv-00311-JAG, 2013 WL 5874704 at *3-4 (E.D.Va. Oct. 31, 2013) ("*Kelley*"), which are directly on point.

Plaintiff contends, though, that the RESPA transfer-of-servicing letter was an attempt to collect a debt because it included the words: "Beginning June 28, 2012, you should mail your payments, *including all past due payments*, to FCI Lender Services, Inc. at the address indicated below." (emphasis added). Plaintiff insists that the words "including all past due payments" show that Defendant was attempting to collect Plaintiff's past due payments. The Court disagrees. Viewing the overall tone and content of the

13

notice, which does not specifically reference any actual past due amount, the phrase "including all past due payments" essentially means "all past due payments, *if any*." The Court does not believe that the words "including all past due payments" change the fact the RESPA notice was informational, or that they distinguish this case from *Thompson*, *Shelley* or *Kelly*.

Plaintiff nevertheless contends that the Court should not rely on those cases, since they are contrary to the law of this Circuit. Specifically, Plaintiff states:

> [C]ourts in the Second Circuit have not fallen into the error found in *Thompson*. [The decision in] *Foti v. NCO*, [424 F.Supp.2d 643 (S.D.N.Y. 2006)] and its progeny have consistently held that any communication intended to establish contact with a defaulted debtor or facilitate later communications that demand payment from a defaulted debtor is a communication subject to the FDCPA, even if it does not itself demand payment.

Pl. Memo of Law [#48] at p. 11. It is true that in *Foti*, the district court found that a pre-recorded telephone message, directing the debtor to call a toll-free number about "a personal business matter that requires your immediate attention," was subject to the FDCPA even though it did not specifically reference a debt. *Foti*, 424 F.Supp.2d at 648. However, *Foti* is factually inapposite, since in *Foti* the only reason that the debt collector left the message was to induce the debtor to call the number so that a collector could verbally attempt to persuade the debtor to pay the debt. In the instant case, Defendant was required by RESPA to send the transfer-of-serving notice, and the document itself establishes that it was not sent in order to induce Plaintiff to make a payment. The Court is not aware of any case in this Circuit that has applied *Foti* to find that a transfer-of-service notice sent pursuant to RESPA, 12 U.S.C. § 2605(c), was covered by the FDCPA. On the

other hand, courts in this Circuit have held that certain communications from debt collectors are not covered by the FDCPA. *See*, *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F.Supp.2d 339, 372 (D.Conn. 2012) ("[C]ourts have routinely held that communications that are merely informational and do not demand payment cannot be considered communications 'in connection with the collection of any debt' under the FDCPA.") (citation omitted).  Consequently, the Court finds, as a matter of law, that the RESPA notice in this action was not a communication "in connection with the collection of any debt," and therefore it did not need to comply with the FDCPA.

<u>The First Amended Complaint Fails to otherwise state a claim</u>

For the reasons mentioned above, the Court also finds that the First Amended Complaint fails to plead sufficient facts to plausibly state an independent FDCPA claim relating to the December 28, 2012, billing statement.  Although Plaintiff's papers submitted in opposition to the motion to dismiss contend that Defendant failed to provide the notices required by § 1692g with regard to the billing statement, the pleading itself does not allege such facts.

<u>Plaintiff has not shown good cause for failing to comply with the deadline for filing amended pleadings.</u>

Having found that the First Amended Complaint fails to state a claim, the question is whether the Court should dismiss the action with prejudice, or permit Plaintiff to file another pleading.  Having considered the matter, the Court determines that the action will be dismissed with prejudice.  In that regard, the Court notes, first, that Plaintiff already had one opportunity to amend.  Moreover, Plaintiff's opposition papers did not request further leave to amend in the event that the Court granted Defendant's motion.  Instead, Plaintiff's

counsel made a verbal request during oral argument. And finally, Plaintiff has not shown good cause for failing to request an extension of Magistrate Judge Feldman's deadline for filing motions to amend.[12]

## CONCLUSION

Defendants' motion to dismiss [#46] is granted, and this action is dismissed with prejudice.

SO ORDERED.

Dated:   January 15, 2014
         Rochester, New York

                                          /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge

---

[12] *See, Velez v. Burge*, 483 Fed.Appx. 626, 628, 2012 WL 1889402 at *1 (2d Cir. 2012) ("Although "[a] court should freely give leave [to amend] where justice so requires," Fed.R.Civ.P. 15(a)(2), this must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause.") (citations omitted).