UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MATHEW J. HART, on behalf of plaintiff
and the class defined herein,

        Plaintiff,

v.

FCI LENDER SERVICES, INC.,

        Defendant.

---



**CONFIDENTIALITY
STIPULATION
AND ORDER**

Civil Action
No. 6:13-cv-06076 (CJS) (JWF)

The parties, having taken into consideration the public interest and public policy factors associated with a Confidentiality Stipulation and Order in this action, and for good cause, stipulate and agree, subject to approval by the Court, as follows:

    1.    "CONFIDENTIAL" material is defined herein as sensitive, confidential, commercial, proprietary, trade-secret, or privileged information or matter.

    2.    In complying with discovery demands in this action, the parties may designate as "CONFIDENTIAL" information or material disclosed, produced, or submitted by them in the course of this litigation. Said designation shall be made in the manner hereinafter set forth, or by written agreement of the parties at any time.

    3.    All or any part of a document or a tangible item disclosed, produced, or submitted by the parties may be designated as "CONFIDENTIAL" by marking the words "CONFIDENTIAL MATERIAL" or "CONFIDENTIAL": (a) on the face of the original of the document and each page so designated, or on the face of the photocopy of the

document delivered by parties to the party or person to which the document is produced, and on the photocopies of each page so designated; or (b) in the case of a tangible item, on the face of the tangible item, if practicable, or by delivering to the party to which disclosure is made, at the time of filing, disclosure, or production, written notice that such tangible item is "CONFIDENTIAL."

4. "CONFIDENTIAL" material and/or information derived from "CONFIDENTIAL" material, may be disclosed in a deposition or at the trial in this action, but the party or person disclosing it shall so advise the reporter. The parties may designate any deposition taken or any portion thereof as "CONFIDENTIAL" by advising the reporter and all parties of such fact during the deposition or within thirty (30) days after the deposition transcript is available.

5. Material designated as "CONFIDENTIAL" and any information derived from "CONFIDENTIAL" material shall be used or disclosed solely in *Matthew J. Hart v. FCI Lender Services, Inc.*, Case No. 6:13-cv-06076-CJS-JWF, Western District of New York (hereinafter the "Litigation") and in accordance with the provisions of this Confidentiality Stipulation and Order, and such "CONFIDENTIAL" material, as well as any information derived from such "CONFIDENTIAL" material, shall not be used in any other litigation or for any other purpose without further order of this Court, or except as the parties may agree.

6. Other than the parties, Court personnel (including court reporters), jurors impaneled by the Court in this matter, and commercial photocopying firms, and subject to the provisions of Paragraph 7, access to "CONFIDENTIAL" material or any

information derived from "CONFIDENTIAL" material shall be limited to the following persons:

    a.    A party's directors, officers, employees, and agents in connection with the prosecution, defense, or supervision of the Litigation;

    b.    A party's insurers and outside or in-house auditors;

    c.    Counsel of record for the respective parties in the Litigation and employees of said counsel provided, however, that access by counsel of record and employees of said counsel to "CONFIDENTIAL" material, or any information derived from "CONFIDENTIAL" material, shall be for the sole purpose of conducting the prosecution, defense, or supervision of the Litigation;

    d.    Other counsel for the respective parties in the Litigation and their employees who are assisting in the prosecution or defense of the Litigation, provided, however, that access by other counsel to "CONFIDENTIAL" material, or any information derived from "CONFIDENTIAL" material, shall be for the sole purpose of conducting the prosecution, defense, or supervision of the Litigation; and

    e.    Experts and consultants (including independent experts) who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in the prosecution or defense of the Litigation.

7.    Counsel of record shall inform each person to whom they give access to "CONFIDENTIAL" material, or any information derived from "CONFIDENTIAL" material, of the terms of this Confidentiality Stipulation and Order as well as the obligation to comply with those terms. Each expert, consultant, or other permitted person who is given access to "CONFIDENTIAL" material, or any information derived from "CONFIDENTIAL" material, shall also sign a copy of the Acknowledgment And

Agreement To Be Bound By Protective Order, attached as Exhibit A (hereinafter the "Agreement"). All copies of the signed Agreement shall be held in the sole possession of the party retaining said expert, consultant, or other counsel. The Agreement shall be considered work-product material which is privileged.

8. Under no circumstances shall a person who is not permitted access to "CONFIDENTIAL" material under Paragraph 6, or who is required to but has not signed a copy of the Agreement described in Paragraph 7, be permitted to attend a deposition (or any portion thereof) at which "CONFIDENTIAL" material or any information derived from "CONFIDENTIAL" material is discussed or otherwise disclosed.

9. "CONFIDENTIAL" material, or any information derived from "CONFIDENTIAL" material, may be disclosed to the Court in connection with this litigation, but to the extent that any such material must be filed, the party or person disclosing it shall cause the "CONFIDENTIAL" material, or information derived from "CONFIDENTIAL" material, to be submitted under seal to the Court. The party using such information or material shall request that the proceeding (or portion thereof) where "CONFIDENTIAL" material is used shall be <u>in camera</u> and that any transcript of the proceeding (or portion thereof) be maintained under seal and <u>in camera</u>, with access limited to persons entitled to access under this Order.

10. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by a party or person (a) of documents or information existing in the files of that party or person, as a result of previous discovery in this or any other litigation, prior to the date of the Confidentiality Stipulation and Order, or

(b) of documents or information received at any time by that party or person outside the course of the discovery process in this litigation.

11.     The parties agree that the failure by any party to designate any document, material, or information as either "CONFIDENTIAL" or "CONFIDENTIAL" material in accordance with this Order shall not constitute a waiver in whole or in part or be used as grounds for estoppel in connection with that party's designation of such information or documents as confidential in any other proceeding or action.

12.     Nothing in this Order shall be construed in any way as a finding that material designated as "CONFIDENTIAL" material does or does not constitute or contain sensitive, confidential, commercial, proprietary, or privileged information or matter. Any party or person may object, in writing, to the designation by another party or person of any information or material as "CONFIDENTIAL" material. If the parties are unable to resolve their dispute in good faith on an informal basis, within seven (7) days of the day that the parties reach an impasse the party seeking protection shall, by motion, apply to the Court for a ruling, based upon a showing of good cause, that the information or material shall be treated as "CONFIDENTIAL" material. If no motion is submitted within such period, unless and until this Court enters an order to the contrary, the information or material shall be treated as "CONFIDENTIAL" material.

13.     This Confidentiality Stipulation and Order and the agreements embodied herein shall survive the resolution of this action and continue in full force and effect.

14. Upon termination of this lawsuit by judgment, and the expiration of any and all appeals therefrom, or by settlement, upon request, all parties shall return to counsel for such producing party or person all "CONFIDENTIAL" material received from such party or person including all copies, prints, and other reproductions of such information, in the possession of the parties, their counsel, or retained experts or consultants. As an alternative to returning all or part of such "CONFIDENTIAL" material, parties may certify to counsel for the producing party or person that they have destroyed all unreturned "CONFIDENTIAL" material.

15. This Order may be amended by the Court to prevent manifest injustice and shall be amended to conform to any future amendments of the Rules of the Court relating to the subject matter of this Order. Neither the entry into this Confidentiality Stipulation and Order nor the designation of any information or material as "CONFIDENTIAL" material shall constitute evidence with respect to any issue in this action.

16. In the event any non-party serves a subpoena seeking "CONFIDENTIAL" material, or information derived from "CONFIDENTIAL" material, on one of the parties, the party shall not produce or otherwise make available such information, until it notifies the other party of the subpoena and permits that party a reasonable opportunity to move to quash the subpoena, or until ordered to do so by a court of competent jurisdiction.

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

/s/ Tiffany N. Hardy
　　　Tiffany N. Hardy
Attorneys for Plaintiff
*Matthew J. Hart*
20 South Clark Street
Suite 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
Fax: (312) 419-0379
thardy@edcombs.com

Dated: February 3, 2016

PHILLIPS LYTLE LLP

/s/ Preston L. Zarlock
　　　Preston L. Zarlock
　　　Erin C. Borek
Attorneys for Defendant
*FCI Lender Services, Inc.*
One Canalside
125 Main Street
Buffalo, New York 14203
Telephone No. (716) 847-8400
pzarlock@phillipslytle.com
eborek@phillipslytle.com

Dated: February 3, 2016

SO ORDERED:

_____
Hon. Jonathan W. Feldman
United States Magistrate Judge

Dated: **2/4/16**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of New York on _____ [date] in the case of *Matthew J. Hart v. FCI Lender Services, Inc.*, Case No. 6:13-cv-06076-CJS-JWF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt and attorneys' fees. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order to prevent misuse of this information.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print of type full address and telephone number] as my New York agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____