UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MATHEW J. HART, on behalf of plaintiff and the class defined herein, | **DEFENDANT FCI LENDER SERVICES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| Plaintiff, | |
| v. | Civil Action No.: 6:13-cv-6076 (CJS) (JWF) |
| FCI LENDER SERVICES, INC. | |
| Defendant. | |

---

I, William D. Christ, declare the following:

1. I am a member of Phillips Lytle LLP, counsel to Defendant FCI Lender Services, Inc. ("FCI").

2. I submit this Declaration in response to Plaintiff's inaccurate representations regarding discovery proceedings in this action. I also submit this Declaration in opposition to Plaintiff's motion to compel, filed on June 3, 2016.

3. Plaintiff requests that the Court compel FCI to produce witnesses for depositions and contends that FCI failed to timely proceed with depositions. Contrary to Plaintiff's contentions, however, (a) FCI confirmed availability for Plaintiff Mathew J. Hart's deposition on May 20, 2016, but it was Plaintiff who refused to proceed; and (b) Plaintiff objected to proceeding with the FCI representative's deposition on June 1, but then later attempted to unilaterally "confirm" it.

4. Plaintiff's motion to compel also appears to be focused primarily on gaining deposition priority.

5. For example, on Wednesday, May 18, 2016 at 6:44 p.m., Plaintiff advised us that "[w]e are still trying to narrow down the dates for the depositions." On May 19, 2016, Plaintiff unilaterally declared that "[w]e will depose defendants on 6/1 and produce plaintiff on 6/3," despite the fact that in all prior correspondence Plaintiff never asserted priority or claimed that FCI's representative should be deposed before Plaintiff Hart. (Ex. A).

6. Although Plaintiff now claims that FCI's January 13, 2016 deposition notice to Plaintiff was "defective" because it did not include a specific date and time, there was never any objection to that notice until Plaintiff made this motion.

7. Plaintiff also concedes that FCI noticed Mr. Hart's deposition more than two months <u>before</u> Plaintiff served a deposition notice on FCI. Far from defective, the notice allowed the parties the courtesy of agreeing to a mutually convenient date and time for Plaintiff's deposition.

8. Next, Plaintiff accuses FCI of failing to respond to deposition requests or providing inadequate notice when the e-mails plainly belie these accusations.

9. While Plaintiff's counsel advised us that Mr. Hart could be made available on May 18 or May 20 for his deposition, she completely omits FCI's May 4, 2016 response confirming availability. There, FCI's counsel clearly stated that he was available on May 20 but not May 18 for Plaintiff's deposition. He also advised that he had "requested dates for defendant's deposition and hope[d] to have them shortly." (Ex. B).

10. Not only did FCI's counsel state on May 4 that he was available to conduct Mr. Hart's deposition on May 20 — a date specifically proposed by Plaintiff's

2

counsel only days before, he also followed up again on May 15, 2016 to confirm that the deposition of Mr. Hart was indeed going forward.

11. Plaintiff's counsel then responded on May 16, stating "No—the plaintiff's dep will not be taking place on 5/20." (Ex. C). Thus, contrary to Plaintiff's contention, FCI's counsel did not give Plaintiff "a mere 4 days' notice" that FCI would depose Plaintiff on May 20. Nor was this "the first and only indication that Plaintiff's counsel received that FCI wanted to depose Plaintiff on May 20." The first such notice was provided on May 4, when FCI's counsel confirmed his availability to conduct Mr. Hart's deposition on May 20.

12. Similarly, the assertion in Plaintiff's motion that on May 9, 2016 Plaintiff's counsel advised FCI that FCI's deposition would proceed on May 16 because "counsel had not advised otherwise" is incorrect. On May 4, 2016, FCI's counsel advised Plaintiff that he had "requested dates for defendant's deposition," indicating FCI's unavailability on May 16.

13. Thereafter, on May 11, 2016, only two days after Plaintiff unilaterally claimed that FCI's deposition would proceed on May 16 because Plaintiff was not told otherwise, FCI's counsel clearly informed Plaintiff that FCI's representative was unavailable on May 16. Far from claiming "extreme prejudice," counsel for Plaintiff on May 11 responded to FCI's email by stating: "Please do provide dates of your clients (sic) availability as soon as possible so we can get the depositions complete." (Ex. D).

14. That same day, May 11, 2016, FCI's counsel informed Plaintiff that FCI was available for a deposition on May 31, June 1-3 or June 8-9. Plaintiff, however,

objected to these dates as too late, prejudicial and evidence of "tactical gamesmanship." Plaintiff's counsel even threatened a sanctions motion. (Ex. E).

15. FCI's counsel responded that the dates were provided by FCI on May 11 and were shared with Plaintiff's counsel immediately:

> Moreover, these dates are not too late and there is no prejudice of any kind to the plaintiff. Per my prior emails you were advised of my trial and knew the depos would not occur until sometime after May 12. We obtained an extension of the motion to compel date so that any such motions may be made up to the end of June. You will thus have almost 30 days for such a motion (if needed) and we would not object to any further extension of that date in the very unlikely event that an extension is needed.

(Ex. F).

16. On May 20, 2016, we advised Plaintiff's counsel that Phillips Lytle LLP would be withdrawing as counsel for FCI. At 7:24 pm on May 20, Plaintiff filed the motion to compel seeking deposition priority.

17. Plaintiff also argues that there was "frivolous gamesmanship" because FCI did not produce a witness on June 1. However, Plaintiff had objected to the June 1 deposition date as too late, prejudicial, and evidence of "tactical gamesmanship." Moreover, on May 26, 2016, I advised Plaintiff's counsel by email that our firm would be moving to withdraw as counsel on May 31 and that with respect to deposition dates FCI had priority. I also advised that Plaintiff's unilaterally selected June 1 deposition date was neither agreed to nor confirmed—particularly in light of our firm's motion to withdraw. (Ex. G).

18. On May 31, 2016, Phillips Lytle filed its motion to withdraw as counsel for FCI (Doc. No. 86). Because new counsel should be given sufficient time to

respond to Plaintiff's motion to compel, we respectfully request that the Court deny Plaintiff's motion to compel without prejudice or hold it in abeyance until new counsel for FCI is substituted. We also have no objection to Plaintiff's request that the deadline to complete discovery be extended by a minimum of 60 days.

19. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Buffalo, New York on June 3, 2016.

PHILLIPS LYTLE LLP

By: /s/ William D. Christ
William D. Christ
Preston L. Zarlock
Erin C. Borek
Attorneys for Defendant
*FCI Lender Services, Inc.*
One Canalside
125 Main Street
Buffalo, New York  14203
Telephone No. (716) 847-8400
wchrist@phillipslytle.com
pzarlock@phillipslytle.com
eborek@phillipslytle.com

Doc #01-2955408.2

**CERTIFICATE OF SERVICE**

I, William D. Christ, certify that on June 3, 2016, a copy of this document was filed via the Court's CM/ECF System, which sent notification of such filing to the following parties:

Tiffany N. Hardy, Esq.
Edelman, Combs, Latturner & Goodwin LLC
20 S. Clark St. Suite 1500
Chicago, IL 60603

Mark F. Viencek, Esq.
Law Offices of Mark F. Viencek
290 Linden Oaks, First Floor
Rochester, New York 14625


I also certify that on June 3, 2016, a copy of this document was sent by E-mail and U.S. Mail to the following:

>Mike Griffith
>President/CEO
>FCI Lender Services, Inc.
>
>Dirk Adams, Esq.
>President
>Investor Portfolio Funding

>Respectfully Submitted,
>
>/s/ William D. Christ
>William D. Christ
>Phillips Lytle LLP
>One Canalside
>125 Main Street
>Buffalo, New York 14203
>Telephone No. (716) 847-8400